IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-HC-2212-FL

| | | |
|---|---|---|
| NEGASH MALEDE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| BRICK TRIPP, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on respondent's motion to dismiss (DE 10), filed pursuant to Federal Rule of Civil Procedure 12(b)(6), and petitioner's motion to supplement (DE 18). The motion to dismiss has been fully briefed, and respondent did not respond to the motion to supplement. In this posture, the issues raised are ripe for decision. For the following reasons, the court grants respondent's motion to dismiss, denies petitioner's motion to supplement, and directs petitioner to either file amended petition or seek authorization from the Fourth Circuit to proceed with his successive claims.

## BACKGROUND

Petitioner is a District of Columbia Code Offender ("DC Code Offender") who was incarcerated at the Rivers Correctional Institution ("Rivers C.I.") in Winton, N.C. at the time he filed the instant petition.[1] (Pet. (DE 1) ¶¶ 2-3). On May 6, 1996, petitioner was convicted in District of Columbia Superior Court of stalking, threatening to injure a person, assault with intent to kill while

---

[1]Pursuant to the National Capital Revitalization Act of 1997, Congress mandated that the Federal Bureau of Prisons ("BOP") house DC Code Offenders. See Pub. L. No. 105-33, § 11231(a), 111 Stat. 712, 745 (1997) (codified at DC Code § 24-131(a)).

armed, possession of a firearm during a crime of violence, and carrying a pistol. (Pet. Exs. (DE 1-2) at 5).[2] The superior court sentenced petitioner to a minimum prison term of 172 months and a maximum term of 43 years. (Pet.'r's Mem. (DE 1-1) at 1-2); Malede v. Tripp, No. 5:13-HC-2185-D, 2015 WL 4510085, at *1 (E.D.N.C. July 24, 2015) ("Malede II"). Petitioner became eligible for parole in January 2005, but the United States Parole Commission ("Commission") has denied all of petitioner's applications for parole. (Pet.'r's Mem. (DE 1-1) at 2-3); Malede II, 2015 WL 4510085, at *1. Petitioner has filed at least two prior habeas petitions challenging various aspects of the Commission's decisions denying parole, which the district courts have dismissed on the merits. Malede v. Wilson, No. 2:11-CV-322, 2011 WL 7091509 (E.D. Va. Dec. 14, 2011) ("Malede I"), report and recommendation adopted, 2012 WL 215151 (E.D. Va. Jan. 24, 2012); Malede II, 2015 WL 4510085. Petitioner is currently scheduled for mandatory parole release on October 24, 2020. (Resp't's Mem. (DE 11) at 3).

Petitioner has completed numerous educational courses and other rehabilitation programs while incarcerated.[3] (Pet'r's Mem. (DE 1-2) at 4). In March 2017, petitioner requested that BOP officials award him sentencing credits for completing these courses, but BOP officials denied his requests as to some of the courses. (Pet. Exs. (DE 1-2) at 23). Plaintiff filed at least one grievance related to his requests for sentencing credits, but BOP denied the grievance, explaining that BOP Program Statement 5884.02 does not permit BOP to award sentencing credits for the subject

---

[2]Unless otherwise specified, page numbers specified in citations to the record in this order refer to the page number of the document designated in the court's electronic case filing (ECF) system, and not to page numbering, if any, specified on the face of the underlying document.

[3]The court commends petitioner for his record of achievement while in custody, as reflected in the certificates of completion attached to the petition. Petitioner is encouraged to take advantage of all such resources made available to him while in custody.

courses. (Id.)

On December 1, 2017, petitioner filed the instant petition for writ of habeas corpus, alleging that he should have been unconditionally released after service of the minimum term of his imprisonment because the sentencing court did not sentence him to a term of parole, and parole was abolished for DC Code offenders in 1989, before he committed the instant offenses. (Pet. (DE 1) ¶ 13; Pet'r's Mem. (DE 1-1) at 1-3). Petitioner also alleges that BOP officials wrongfully denied his requests for sentencing credits pursuant to the District of Columbia Good Time Credits Act, D.C. Code 1981 § 24-428 et seq. (repealed). (Pet (DE 1) ¶ 13; Pet'r's Mem. (DE 1-1) at 3-4).

**DISCUSSION**

The instant motion to dismiss asserts the petition should be dismissed as second or successive.[4] Second or successive habeas claims brought by state prisoners pursuant to § 2254 require pre-filing authorization from the court of appeals, and failure to obtain such authorization divests the district court of jurisdiction over the claims. 28 U.S.C. § 2244(b)(3)(A); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2000). Although petitioner purports to bring his petition under § 2241, the Fourth Circuit has held that "regardless of how they are styled, federal habeas petitions of prisoners who are in custody pursuant to the judgment of a State court should be treated as applications under [§] 2254 for purposes of § 2244(b), even if they challenge the execution of a state sentence. Therefore, those petitions are subject to the second-or-successive authorization requirement set forth in § 2244(b)(3)." In re Wright, 826 F.3d 774, 779 (4th Cir. 2016) (internal quotations omitted).

Petitioner, as a DC Code Offender, is considered a state prisoner for purposes of federal

---

[4]Respondent relies on common law abuse of the writ principles in arguing the petition is successive. As explained below, however, the petition is properly dismissed as successive pursuant to 28 U.S.C. § 2244(b)(3)(A).

habeas review. Madley v. U.S. Parole Comm'n, 278 F.3d 1306, 1308-10 (D.C. Cir. 2002) (concluding DC Code offender is detained pursuant to "process issued by a State court" and "the District [of Columbia] is a state court for purposes of [28 U.S.C. § 2253]"); Gorbey v. Zych, 689 F. App'x 165 (4th Cir. 2008) (per curiam) (requiring DC Code Offenders to obtain a certificate of appealability under § 2253(c)(1)(A), applicable only to state prisoners, in order to appeal denial of § 2241 petition). Thus, petitioner must obtain pre-filing authorization from the Fourth Circuit for any claims in the current petition that are considered "second or successive." 28 U.S.C. § 2244(b)(3)(A); Wright, 826 F.3d at 779.

A claim challenging the execution of a sentence is second or successive where the "claim[] [was] available to the petitioner at the time of a prior petition's filing." Wright, 826 F.3d at 784 (citing McCleskey v. Zant, 499 U.S. 467, 489 (1991)). Petitioner's instant claims that he is not subject to parole upon expiration of his sentence because he was not sentenced to a term of parole and parole was abolished prior to his sentence could have been brought in either Malede I or Malede II. Accordingly, these claims are successive, and the court lacks jurisdiction to consider them. Wright, 826 F.3d at 779; Winestock, 340 F.3d at 205.

Petitioner's claim that he was not awarded sentencing credits for completion of education courses in accordance with the District of Columbia Good Time Credits Act, is arguably not successive.[5] Petitioner previously filed a habeas petition challenging BOP's refusal to award sentencing credits. See Malede v. Tripp, No. 5:13-HC-2145-BO (E.D.N.C. Feb. 6, 2015) ("Malede III"). Petitioner's current claim, however, alleges BOP wrongfully denied his requests for sentencing credits for courses he completed after resolution of Malede III, and the reasons BOP

---

[5]The court notes petitioner did not address his sentencing credit claim in his response to the instant motion to dismiss. Accordingly, he may have abandoned the claim.

4

provided for denying the instant requests are at least arguably distinct from the reasons provided in Malede III. Compare (Pet. Ex. (DE 1-2) at 23) with Malede III, slip op. at 7. Accordingly, the court finds petitioner's sentencing credit claim is not second or successive. Wright, 827 F.3d at 784 (explaining that a claim challenging execution of a sentence is not second or successive if it could not have been brought in a prior application).

The petition is therefore a "mixed petition" because it contains claims that are successive (the parole claims) and one claim that is not successive (the sentencing credit claim). Winestock, 340 F.3d at 205. Where the petition is mixed, the court lacks jurisdiction to consider the petition, including non-successive claims asserted therein, because § 2244(b)(3) requires authorization from the court of appeals for the full habeas "application." Id. at 205. A district court that receives a mixed petition, however, "should afford the prisoner the choice of 'seeking authorization from the court of appeals for his second or successive claims, or of amending his petition to delete those claims so he can proceed with the claims that require no authorization.'" Id. at 205-06 (quoting Pennington v. Norris, 257 F.3d 857, 858 (8th Cir. 2001)).

Accordingly, petitioner may file amended petition, by the deadline set forth below, deleting his successive claims and electing to proceed only with his sentencing credit claim. Alternatively, petitioner may consent to dismissal of the instant petition without prejudice to seek authorization from the Fourth Circuit to file his successive claims in the district court. See 28 U.S.C. § 2244(b)(3). If petitioner obtains such authorization, he may file his sentencing credit claim with his parole claims in the same petition.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court determines that reasonable jurists would not find the court's treatment of any of

petitioner's claims debatable or wrong, and none of the issues are adequate to deserve encouragement to proceed further.  See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003).  Accordingly, the court denies a certificate of appealability.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss (DE 10) is GRANTED, petitioner's motion to supplement (DE 18) is DENIED as moot, and the court DENIES a certificate of appealability.  The court DIRECTS petitioner to file within **21 days** of the date of this order either 1) notice that he consents to dismissal of the petition without prejudice to seek authorization from the Fourth Circuit to file the petition; or 2) an amended petition challenging only BOP's denial of sentencing credits, and deleting all the successive claims identified above.  In the event petitioner fails to respond to this order, the clerk shall, without further order of the court, dismiss this action without prejudice to failure to prosecute.

SO ORDERED, this the 18th day of March, 2019.

_____
LOUISE W. FLANAGAN
United States District Judge